IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CR-131-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DWIGHT ULMER, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motions for compassionate release (DE 49, 73, 82) pursuant to 18 U.S.C. § 3582(c)(1)(A), medical treatment (DE 88), and release from custody pending resolution of matters before the court (DE 89). Also before the court is defendant's motion to counsel regarding compassionate release (DE 56).[1] The motions have been briefed, and in this posture, the issues raised are ripe for ruling.

## BACKGROUND

On January 21, 2021, petitioner pleaded guilty to two counts of distribution of a quantity of a mixture and substance containing a detectable amount of heroin and para-fluoroisobutyryl fentanyl, in violation of 21 U.S.C. § 841(a)(1); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The court sentenced petitioner to 168 months' imprisonment and three years' supervised release on October 4, 2021. Petitioner noticed direct appeal of the court's judgment on October 6, 2021. On April 18, 2022, the United

---

[1] Also pending before the court are defendant's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 57, 65, 97), and respondent's motion to dismiss (DE 68). These motions are addressed by separate order entered contemporaneously herewith.

States Court of Appeals for the Fourth Circuit affirmed petitioner's sentence and granted the government's motion to dismiss the appeal.

On April 7, 2022, defendant filed his first motion for compassionate release, arguing that his risk of contracting COVID-19 and suffering severe health complications justifies early release from his custodial sentence. In addition, defendant asserts that he was sentenced incorrectly in his underlying criminal conviction. That same day, the court entered an order appointing the Federal Public Defender for the Eastern District of North Carolina to represented defendant. On May 13, 2022, defendant filed a pro se memorandum in support. On August 15, 2022, defendant filed the pro se motion to counsel regarding his motion for compassionate release. On November 28, 2022, defendant filed an amended motion for compassionate release pro se, again asserting he was sentenced incorrectly. On November 30, 2022, defendant's counsel filed a memorandum in support of defendant's motion for compassionate release, relying on defendant's medical records, Federal Bureau of Prisons ("FBOP") administrative records, and statements from defendants. On December 12, 2022, defendant filed an additional pro se motion for compassionate release.

On December 14, 2022, the government filed a response in opposition to the motions for compassionate release. On December 16, 2022, defendant's counsel filed a reply on behalf of defendant. On January 9, 2023, defendant filed a pro se reply to the government's response. Defendant filed his motion for medical treatment on April 23, 2023, and his motion for release from custody pending resolution of matters before the court on May 18, 2023.[2]

---

[2] Defendant also included arguments in support of his motion for compassionate release in his objections to the Memorandum and Recommendation ("M&R") entered in this case addressing defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (See Second Obj. to M&R (DE 92); Third Obj. to M&R (DE 94)). The court has considered these arguments in this order, but because the arguments are addressed in defendant's motions for compassionate release and supporting documents, the court does not cite to defendant's objections. Instead, the court limits its citations to defendant's motions for compassionate release and supporting documents.

2

# COURT'S DISCUSSION

A. Motion for Medical Treatment (DE 88)

Defendant alleges that he has not received medical treatment after drinking contaminated water, and FBOP has failed to provide defendant a colonoscopy as directed by defendant's doctor. (Mot. for Treatment (DE 88) at 1). The proper vehicle for petitioner's claims is a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) or a tort action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680. The court also will not sua sponte convert the instant petition into a civil rights or FTCA action in light of the filing fee and administrative exhaustion requirements applicable to such actions. See 28 U.S.C. §§ 1915(a)(2), 2675(a); 42 U.S.C. § 1997e(a); cf. Castro v. United States, 540 U.S. 375, 383 (2003) (requiring district court to warn petitioner of the consequences of converting miscellaneous pro se filing into habeas petition).[3]

B. Motion to Counsel Regarding Compassionate Release (DE 56)

Defendant's motion to counsel is not the model of clarity. It appears to be directed to defendant's counsel, instead of the court, and seeks to have counsel present certain arguments to the court. (See Mot. to Counsel (DE 56) at 2). The court declines to direct counsel to make specific arguments before it. Accordingly, the motion is denied.

C. Motions for Compassionate Release (DE 49, 73, 82)

1. Standard of Review

With limited exceptions, the court may not modify a sentence once it has been imposed.

---

[3] In the event petitioner intends to pursue a civil rights or FTCA action based on the allegations in the instant motion, he may request the appropriate forms by writing the clerk of court at the same address where he sent the instant petition.

18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, then considers the applicable factors in 18 U.S.C. § 3553(a), and ultimately concludes that "the reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275–76 (4th Cir. 2020). Although nonbinding for defendant-filed motions for compassionate release,[4] U.S.S.G. § 1B1.13 provides the following "helpful guidance" for determining whether a defendant has established extraordinary and compelling reasons for compassionate release:

(A) <u>Medical Condition of the Defendant</u>.

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic

---

[4] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed directly by defendants. Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–83.

lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) <u>Age of the Defendant</u>. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) <u>Family Circumstances</u>.

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) <u>Other Reasons</u>. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13, cmt. n.1; McCoy, 981 F.3d at 282 n.7 (explaining U.S.S.G. § 1B1.13 remains "helpful guidance" even for defendant-filed motions).

In addition, the court has "broad discretion" to deny a motion for compassionate release if it determines the § 3553(a) factors do not support a sentence reduction, even if the defendant establishes extraordinary and compelling reasons for release. See Kibble, 992 F.3d at 330–32;

5

McCoy, 981 F.3d at 275; see also United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020). Section 3553(a) requires that the court consider the following factors when imposing a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). In the context of compassionate release motions, the court should "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present" in the case. Kibble, 992 F.3d at 332.

2. Analysis

Defendant has not established extraordinary and compelling reasons for compassionate release. Defendant argues his diagnoses of hypertension, vision problems, chest pains, and high cholesterol, as well as his age and continued symptoms from previously having COVID-19, place him as a higher risk of experiencing severe symptoms should he contract COVID-19 again.[5] (Def.'s Mem. in Supp. (DE 77) at 11–16). Defendant has refused the COVID-19 vaccine, (see DE 79-1), which would provide a high degree of protection against developing severe illness.

---

[5] Defendant's pro se motions and documents assert he has colon cancer. (Am. Mot. for Compassionate Release (DE 73) at 6; Second Pro Se Mot. for Compassionate Release (DE 82) at 1–2). The court acknowledges that the medical records indicate a referral for a colonoscopy, but no evidence shows defendant has been diagnosed with or treated for colon cancer. (See Medical Records (DE 74) at 17–20). Accordingly, the court does not consider defendant's pro se argument that he suffers from colon cancer.

6

United States v. Salas, No. 22-6371, 2023 WL 3918695, at *2 (4th Cir. June 9, 2023) ("The district court reasonably concluded that Salas's moderate (and very common) risk factors combined with his vaccinations did not present an extraordinary and compelling reason for his release."); see also United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. [For most such prisoners], the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.").

Moreover, defendant cannot claim that he should be released from imprisonment based on his risk of severe health complications from COVID-19 while refusing the very measure that would provide protection against severe disease. See Broadfield, 5 F.4th at 803 ("The federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective."). Defense counsel provides a speculative argument that defendant may have refused the vaccine on the basis that the defendant did not want to receive a vaccine that had not been approved by the Food and Drug Administration ("FDA"). (Def.'s Reply (DE 80) at 1–2). However, as defendant acknowledges, the Moderna vaccine, which defendant was offered, had been approved by the FDA at the time of his refusal. (Id. at 2). Finally, defendant has not established that the vaccine would not provide protection against severe disease in his individual circumstances.

Defendant's pro se motions also request compassionate release based on alleged sentencing errors, ineffective assistance of counsel, and where the government allegedly breached the plea

7

agreement. (Def.'s Pro Se Mem. in Supp. (DE 55) at 1; Am. Mot. for Compassionate Release (DE 73) at 2–5; Def.'s Pro Se Reply (DE 83) at 1–2). Defendant, however, cannot challenge his conviction or sentence in a motion for compassionate release. See United States v. Ferguson, 55 F.4th 262, 272 (4th Cir. 2002). The appropriate forum for addressing these issues is direct appeal or a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. See id. at 270–71. Accordingly, the alleged errors related to defendant's conviction or sentence do not establish grounds for compassionate release.[6]

Even assuming, however, that the foregoing issues, either alone or collectively, establish extraordinary and compelling reasons for compassionate release, a sentence reduction is not warranted when considering the § 3553(a) factors. The court incorporates by reference, as is fully set forth herein, its discussion of the § 3553(a) factors at defendant's recent sentencing. (Sentencing Tr. (DE 46)). Defendant's offense conduct and criminal history fully justify a sentence of 168 months' imprisonment even when reconsidered against the alleged extraordinary and compelling circumstances set forth above and defendant's efforts at rehabilitation.

In sum, defendant has not established extraordinary and compelling reasons for compassionate release. In alternative, having fully considered defendant's alleged extraordinary and compelling reasons for a reduced sentence, together with the full record of this case in light of the § 3553(a) factors, the court finds the current sentence remains necessary to reflect the seriousness of the offense conduct, promote respect for the law, protect the public from further crimes of defendant, and provide general and specific deterrence to criminal conduct.

To the extent defendant requests home confinement, the court also declines defendant's

---

[6] Where defendant's arguments are raised in his motions vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, the court considers defendant's arguments in the order filed contemporaneously herewith.

request. The Federal Bureau of Prisons is better positioned to make the requisite determinations regarding home confinement.

## CONCLUSION

Based on the foregoing, defendant's motions for compassionate release (DE 49, 73, 82) and medical treatment (DE 88), and motion to counsel regarding compassionate release (DE 56) are DENIED. Defendant's motion for release from custody pending resolution of matters before the court (DE 89) is DENIED as moot.

SO ORDERED, this the 31st day of July, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge
