OIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CR-131-FL-1
NO. 5:22-CV-328-FL

| | |
|---|---|
| DWIGHT ULMER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 57, 65, 97),[1] and on respondent's motion to dismiss (DE 68).[2] Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R") (DE 90), wherein it is recommended that the court deny petitioner's motions and grant respondent's motion. Thereafter, petitioner objected to the M&R. In this posture, the issue raised are ripe for ruling. For the following reasons, the court adopts the M&R, dismisses petitioner's § 2255 motion, and grants respondent's motion to dismiss.

## BACKGROUND

On January 21, 2021, petitioner pleaded guilty to two counts of distribution of a quantity of a mixture and substance containing a detectable amount of heroin and para-fluoroisobutyryl

---

[1] Petitioner's third motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 97) was filed after entry of the Memorandum and Recommendation ("M&R") in this case. Accordingly, the court construes petitioner's third motion as an objection to the M&R.

[2] Also pending is petitioner's motion for compassionate release (DE 49), which the court addresses by separate order entered contemporaneously herewith.

fentanyl, in violation of 21 U.S.C. § 841(a)(1); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The court sentenced petitioner to 168 months' imprisonment and three years' supervised release on October 4, 2021. Petitioner noticed direct appeal of the court's judgment on October 6, 2021. On April 18, 2022, the United States Court of Appeals for the Fourth Circuit affirmed petitioner's sentence and granted the government's motion to dismiss the appeal.

On August 18, 2022, petitioner filed the instant motion to vacate his sentence. On September 26, 2022, petitioner filed a corrected motion to vacate using the proper forms. Petitioner alleged as follows:

> his counsel was ineffective in four ways: (1) failing to advise him of the sentencing guidelines, potential sentencing enhancements, and his potential sentencing exposure under varying defense strategies (e.g., taking a plea or going to trial), and failing to pursue a trial strategy; (2) failing to investigate the case and to present favorable evidence made known to counsel; (3) providing erroneous advice that undermined his ability to make an intelligent decision in the plea process; and (4) failing to challenge the factual basis or object to the career offender enhancement.

(M&R (DE 90) at 4).

Respondent filed the instant motion to dismiss on November 7, 2022, arguing that petitioner's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). On November 28, 2022, petitioner responded in opposition to the motion to dismiss. In the M&R entered May 22, 2023, the magistrate judge recommended dismissal of the § 2255 motion on the basis that petitioner did not demonstrate ineffective assistance of counsel. Petitioner thereafter filed four separate documents objecting to the M&R.[3]

---

3 Petitioner's second and third objections (DE 92, 94) to the M&R also include arguments in support of petitioner's motion for compassionate release (DE 49). The court addresses such arguments by separate order adjudicating the motion for compassionate release.

# DISCUSSION

A.   Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.   Analysis

The magistrate judge thoroughly and cogently addressed the reasons for dismissal of the instant petition. The magistrate judge correctly determined that petitioner's claims were undermined by his sworn statements at his Rule 11 hearing and barred by the appeal waiver in his plea agreement, and that petitioner was correctly sentenced as a career offender. (M&R (DE 90) at 6–13); see also Strickland v. Washington, 466 U.S. 668, 678–88 (1984). Upon de novo review of the claims asserted and the record in this case, the court adopts the findings and recommendation in the M&R. The court writes separately to address petitioner's assertion of errors in the analysis of the M&R.

Petitioner objects to the findings in the M&R that counsel was not ineffective for allegedly failing to inform petitioner of potential sentencing enhancements (including the career offender enhancement), and failing for challenge the factual basis or object to the career offender enhancement. (First Obj. to M&R (DE 91) at 2–4; Second Obj. to M&R (DE 92) at 1; Third Obj. to M&R (DE 94) at 1). Petitioner makes the additional argument that the second amendment protects his right to bear arms, and thus, his conviction for possession of a firearm by a convicted felon is unconstitutional. (Fourth Obj. to M&R (97)).

In order to establish ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. See Strickland v. Washington, 466 U.S. 688, 687 (1984). Under the first prong, a petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688. The court must be "highly deferential" to counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. The second prong requires a petitioner to

4

demonstrate that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, the prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Where, as here, a petitioner challenges his guilty plea based on alleged ineffective assistance of counsel prior to entry of the plea, the claim is evaluated against the petitioner's sworn statements at his arraignment. See Blackledge v. Allison, 431 U.S. 63, 73–74 (1977) (explaining statements made under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005); see also Lee v. United States, 137 S. Ct. 1958, 1967 (2017) ("Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."); United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003) ("[W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process.").

Petitioner's allegations of ineffective assistance of counsel prior to pleading guilty are contradicted by the sworn statements at his Rule 11 hearing. During the Rule 11 arraignment, petitioner swore under oath that:

1) he was provided a copy of the charges against him and understood the charges against him (Arraignment Tr. (DE 47) at 12–13);

2) that he had time to and in fact discussed his case with his attorney, that he was "satisfied with [counsel's] advice" (Id. at 13);

3) that he understood the maximum penalties for the offenses (Id. at 14–16);

4) that his attorney reviewed the plea agreement with him and he understood all terms of the plea agreement (Id. at 16–17);

5) that his plea agreement was the only promise anyone made to induce him to plead guilty, that he was not threatened in any way to plead guilty or accept the plea agreement, and that he was pleading guilty of his own free will (Id. at 17); and

6) he agreed to the factual basis with the clarification that he was pleading guilty to possession of a firearm, not selling a firearm (Id. at 20–24).

The foregoing sworn testimony directly contradicts petitioner's claims that his counsel failed to inform petitioner of potential sentencing enhancements or challenge the factual basis provided at the Rule 11 hearing. In light of petitioner's testimony during his arraignment, his claims of ineffective assistance of counsel before pleading guilty are refuted by the record and fail as a matter of law. See Blackledge, 431 U.S. at 74. Moreover, petitioner has not alleged extraordinary circumstances sufficient to disregard the sworn testimony during the plea colloquy. See Fontaine v. United States, 411 U.S. 213, 214–15 (1973); United States v. White, 366 F.3d 291, 297–99 (4th Cir. 2004). Therefore, petitioner's claims for ineffective assistance of counsel prior to pleading guilty.

Moreover, the ineffective assistance of counsel claim for failure to object to the career offender enhancement is also meritless because petitioner is a career offender. A defendant is a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3)

6

the defendant has at least two prior felony convictions of either a crime of violence
or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2018).

Petitioner argues his convictions from 1994 and 1997 are too old to be considered predicate offenses. (Third Obj. to M&R (DE 94) at 1). However, the Sentencing Guidelines provide as follows:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

U.S.S.G. § 4A1.2(e)(1) (2018). Here, while petitioner's convictions occurred outside of the 15-year period, petitioner's parole was revoked on both convictions and he served terms of imprisonment within the requisite time period. (See Presentence Investigation Report (DE 31) ¶¶ 28–29.

Lastly, the court considers petitioner's argument that the second amendment protects his right to bear arms, and his conviction under 18 U.S.C. § 922(g)(1) is unconstitutional. Petitioner asserts that the government has not "affirmatively prove[n] that [§ 922(g)(1)] is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms" as required by New York State Rifle & Pistol Assoc., Inc. v. Bruen, -- U.S. --, 142 S. Ct. 2111, 2127 (2022).

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Under § 922(g)(1), in pertinent part, "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to . . . transport in interstate or foreign commerce, or possess in or affecting commerce, any

firearm."  In 2012, the Fourth Circuit held that § 922(g)(1) is constitutional "both on its face and as applied."  United States v. Moore, 666 F.3d 313, 316–17 (4th Cir. 2012).

While the right to bear arms is an individual right, independent of service in a militia, there is a "longstanding prohibition[] on the possession of firearms by felons" that is constitutional. District of Columbia v. Heller, 554 U.S. 570, 595, 626–27 (2008); see also McDonald v. City of Chicago, 561 U.S. 742, 786 (2010) ("We made clear in Heller that our holding did not cast doubt on such longstanding regulatory measures as [the] prohibition[] on the possession of firearms by felons.")

In Bruen the United States Supreme Court determined

> the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.  The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.  Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

142 S. Ct. at 2129–30.  However, the ultimate holding in Bruen referred to the right of "law-abiding" citizens to bear arms stating the New York law at issue violated the constitution because "it prevent[ed] law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms."  Id. at 2156.  Further, Justices Alito, Kavanaugh, and Roberts joined in the majority opinion and stated in their concurring opinions that there was no intent to disturb the existing laws prohibiting felons from possessing firearms.  Id. at 2157, 2162 (Alito, J., concurring) (Kavanaugh, J., concurring).

Petitioner argues that Bruen calls into question Heller's determination that the prohibition of possession of a firearm by a felon remains a constitutional regulatory measure.  (Fourth Obj. to M&R (DE 97) at 5–6).  However, such a position was not specifically taken by the court in

8

Bruen. Accordingly, the court finds petitioner's argument unpersuasive. Furthermore, courts that have considered the issue have upheld the constitutionality of § 922(g)(1) in light of Bruen. See, e.g., United States v. Bever, -- F. Supp. 3d --, 2023 WL 2991870, at *3–5 (S.D.W. Va. Apr. 18, 2023) (collecting cases); United States v. Robinson-Davis, No. 7:22-cr-00045, 2023 WL 2495805, at *2 (W.D. Va. Mar. 14, 2023) ("[O]ver 100 district courts have held that the federal law prohibiting felons from possessing firearms remains valid even after Bruen.").

Accordingly, petitioner's claims fail. Upon de novo review of the claims asserted and the record in this case, the court overrules the objections and adopts the findings and recommendation in the M&R.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the M&R (DE 90) on the terms set forth above. Petitioner's motions to vacate, set aside, or correct his sentence (DE 57, 65, 97) is DISMISSED

9

without prejudice, and respondent's motion to dismiss (DE 68) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED is close the instant § 2255 proceedings.

SO ORDERED, this the 31st day of July, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge